STATE OF NORTH CAROLINA v. GEORGE TRACY BRAGG

No. 8315SC530

(Filed 17 April 1984)

**Criminal Law § 75.11— inadmissible confession—defendant indicating he did not wish to make a statement—officers continuing to talk to him**

In a prosecution for armed robbery, the trial court erred in failing to suppress defendant's confession where defendant told the officers he did not want to make a statement, and they continued talking to him until he purported to waive his rights.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 14 January 1983 in Superior Court, ORANGE County. Heard in the Court of Appeals 9 December 1983.

The defendant was indicted for armed robbery. He made a motion to suppress his confession and a *voir dire* hearing was conducted prior to his trial. At the *voir dire* hearing, John Jones testified that he was an officer with the Chapel Hill Police Department and that between 4:00 and 4:30 a.m. on 28 August 1982 he went to the house in which the defendant was residing. He awoke the defendant and told him he was suspected of committing armed robbery. He asked the defendant to accompany him to the police headquarters. The defendant objected to going and was handcuffed. Officer Jones testified that he advised the defendant of his right to remain silent and his right to an attorney at the defendant's residence and again at police headquarters. The defendant denied he had participated in a robbery and then told Officer Jones he did not want to talk about it.

In the meantime, Ned Thorpe, a detective with the Chapel Hill Police Department, was called at home and asked to come to police headquarters and interview the defendant. Detective Thorpe testified that he "gathered" that the defendant was not being cooperative with the officers who were interviewing him and they were not making "much headway." When Detective Thorpe arrived at police headquarters, he took the defendant to his office accompanied by Officer Jones and again advised the defendant of his rights. The defendant said he wanted to make a statement. He signed a waiver of rights form and confessed to the robbery. Detective Thorpe testified that before he began to interview the defendant, Officer Jones told him the defendant had refused to discuss the matter. Detective Thorpe also testified that the defendant, from time to time, would stop talking and say that he did not want to talk anymore. He would then cry for awhile and start talking. Detective Thorpe arrived at police headquarters between 2:30 and 5:00 a.m. The waiver form was signed at 6:15 a.m.

The court overruled the defendant's motion to suppress his confession. The defendant pled guilty to common law robbery and appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General Christopher P. Brewer, for the State.*

*John S. Curry for defendant appellant.*

WEBB, Judge.

We believe we are bound by *State v. Lang,* 309 N.C. 512, 308 S.E. 2d 317 (1983) to reverse. As we read that case, when a person in custody indicates he does not wish to make a statement, the officers may not take an inculpatory statement from him unless the defendant initiates the conversation in which he waives his rights. *Lang* deals with the waiver of counsel but we believe the principle is the same. In this case, we believe the evidence is undisputed that after the defendant had told the officers he did not want to make a statement, they continued talking to him until he purported to waive his rights. We do not believe there is evidence in the record which will support a finding that the defendant initiated a conversation with the officers after he had told

them he did not want to make a statement. For this reason, it was error to admit his confession.

Reversed and remanded.

Judges WELLS and WHICHARD concur.