STATE OF NORTH CAROLINA v. WALTER GRAHAM CRAWFORD

No. 8619SC278

(Filed 21 October 1986)

Criminal Law § 75.11— confession—custodial interrogation invoking right to silence—admissibility of subsequent statement

> The trial court did not err in admitting an in-custody statement made by defendant after defendant had invoked his right to remain silent where defendant initiated the subsequent conversation with the officer during which the statement was made in response to the officer's question, and where the facts and circumstances surrounding defendant's statement show that defendant knowingly and intelligently waived his right to silence.

APPEAL by defendant from *Gudger, Judge.* Judgment entered 21 November 1985 in Superior Court, CABARRUS County. Heard in the Court of Appeals 16 September 1986.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Linda Anne Morris, for the State.*

*Koontz, Hawkins & Nixon, by M. Wayne Nixon, Jr., for defendant appellant.*

BECTON, Judge.

Defendant, Walter Graham Crawford, was found guilty by a jury of the misdemeanor offense of driving while impaired. From a judgment entered on the verdict, defendant appeals. We find no error and affirm.

During the presentation of the State's case, a *voir dire* was conducted to determine the admissibility of an incriminating statement made by the defendant in response to a direct question of the arresting officer while the defendant was in custody. The sole issue on appeal is whether the trial court erred in admitting that statement in evidence.

I

According to the testimony of Officer Levi Powell of the North Carolina Highway Patrol, he was called on 19 May 1985 by another patrolman, Officer Caudle, to a location on Moreland Road near the Charlotte Motor Speedway in Cabarrus County. Officer Caudle had stopped the car driven by the defendant after observing it attempt to pass another vehicle in a no-passing zone. When Officer Powell arrived, he placed the defendant under arrest and immediately transported him to the Cabarrus County Law Enforcement Center for the purpose of administering a breathalyzer test and seeing a magistrate.

Officer Powell informed the defendant of his constitutional rights at 5:17 p.m., reading them from a standard card issued by the Highway Patrol. At that time the defendant elected not to answer any questions or sign a waiver form. The officer testified, "I read him his rights at 5:17, and it has 'waived,' and I've got 'no' checked so he did not waive them." Thereupon, the officer did not ask the defendant any questions. On his standard "AIR" form Officer Powell "X'ed out" all of the questions which are routinely asked of persons charged with driving while impaired.

A short while later, at 5:42 p.m., Officer Powell requested the defendant to take the breathalyzer test and the defendant refused. The officer then asked the defendant why he refused to take the test. In response the defendant stated that he was "under the influence of Valium, Demerol, and Percodan for pain."

Officer Powell testified that after advising the defendant of his rights and while they were waiting for the required amount of time to pass before the breathalyzer could be administered, he and the defendant engaged in conversation which was initiated by the defendant. The defendant was very talkative "but not in response to questions I was asking him." He talked about his physical condition and stated that he had a bad back. In addition, the defendant kept repeating in a "rambling" manner that he worked down at the speedway in a booth, that he had been at work rather than there to see the race, that he couldn't understand why he was in this position when he had just been working out at the track. Officer Powell further testified that the conversation included how the defendant had gotten to where he was stopped and generally what had occurred.

## II

The rule is well established that an accused in custody who asserts his right to have counsel present during questioning, may not be subjected to further interrogation until counsel has been made available to him, unless the accused himself initiates further communication with the police. *See Edwards v. Arizona*, 451 U.S. 477, 68 L.Ed. 2d 378, 101 S.Ct. 1880, *reh'g denied*, 452 U.S. 973 (1981); *State v. Lang*, 309 N.C. 512, 308 S.E. 2d 317 (1983). In *State v. Bragg*, 67 N.C. App. 759, 314 S.E. 2d 1 (1984), this court extended that principle to cases involving not the right to counsel but the right to remain silent. In that case we stated that "when a person in custody indicates he does not wish to make a statement, the officers may not take an inculpatory statement from him unless the defendant initiates the conversation in which he waives his rights." *Id.* at 760, 314 S.E. 2d at 1-2.

Therefore, in a case such as the one before us in which the defendant indicated he did not wish to answer questions but later responded to further questioning, the crucial issue is who initiated the conversation in which the defendant made the incriminating statement. *See State v. Lang* at 521, 308 S.E. 2d at

321-22. Here, the evidence is uncontroverted that a short time after refusing to answer questions, the defendant began spontaneous communication with Officer Powell which led to a free flow of conversation. Furthermore, that conversation continued up until the time that the defendant refused the breathalyzer and was asked why he refused.

We do not hold that *any* general conversation, however innocuous, initiated by an accused in custody justifies a reinstitution of interrogation after the accused has asserted his right to silence. However, in the present case, the defendant, in a rambling discourse, voluntarily commented specifically upon his physical condition and upon what was happening to him and the events surrounding his arrest. We believe this constitutes an initiation of conversation within the rule of *State v. Bragg*.

The inquiry does not end, however, with a finding that the defendant initiated the later dialogue with the patrolman after invoking his right to silence. There must be a further determination that the defendant knowingly and intelligently waived his rights, under the totality of the circumstances, including the circumstance that the accused reopened the dialogue with the authorities. *State v. Lang*, 309 N.C. at 521-22, 308 S.E. 2d at 322. The waiver of rights need not be an express written or oral statement of waiver but may be inferred from the defendant's actions and words. *North Carolina v. Butler*, 441 U.S. 369, 60 L.Ed. 2d 286, 99 S.Ct. 1755 (1979); *State v. Vickers*, 306 N.C. 90, 291 S.E. 2d 599 (1982); *State v. Connelly*, 297 N.C. 584, 256 S.E. 2d 234 (1979).

The facts and circumstances surrounding the defendant's statement to Officer Powell show that the defendant knowingly and intelligently waived his right to silence. The defendant was adequately advised of his rights when he was taken to the patrol station. Officer Powell testified that the defendant was polite and cooperative, that he knew where he was and was responsive to questions. The officer concluded that the defendant's mental condition was not appreciably impaired. The defendant appeared to understand his rights and elected not to talk to the officer at that time.

There is no evidence that the defendant was coerced in any way. His statement was after a conversation regarding the circumstances of his arrest which was voluntarily and spontaneously

initiated by the defendant. During that conversation, the defendant never requested an attorney or indicated in any manner that he was unwilling to talk any further with the officer.

We conclude from these facts that the defendant waived his constitutional right to silence. Thus, the inculpatory statement was properly admitted in evidence.

### III

We reject the defendant's suggestion that the trial judge's failure to make specific findings of fact at the close of the *voir dire* should influence our holding.

> The general rule is that, at the close of a *voir dire* hearing to determine the admissibility of a defendant's confession, the presiding judge *should* make findings of fact to show the basis of his ruling. *State v. Riddick*, 291 N.C. 399, 230 S.E. 2d 506 (1976). If there is no conflict in the evidence on *voir dire* or only *immaterial* conflicts, it is not error to admit a confession without making specific findings of fact. . . .

*State v. Lang*, 309 N.C. at 520, 308 S.E. 2d at 321. In the present case, there was no conflicting evidence on *voir dire* as to the defendant's initiation of the conversation some time after he was advised of his right to remain silent. Furthermore, the other evidence from which we have determined that the defendant knowingly and intelligently waived his rights was also uncontroverted. Therefore, specific findings of fact were not necessary.

No error.

Judges WEBB and EAGLES concur.